IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PETER J. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:24-cv-36-RAH-CWB |
| ) | |
| **AVIS CAR RENTAL,** ) | |
| ) | |
| **Defendant.** ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Peter J. Smith ("Plaintiff") filed this action on January 25, 2024. (Doc. 1). Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 4). Upon review, the undersigned observed that Plaintiff had neither paid the required filing fee nor sought leave to proceed *in forma pauperis*. The undersigned thus ordered Plaintiff to either pay the filing fee or submit a request to proceed *in forma pauperis* no later than February 16, 2024. (*See* Doc. 5). Plaintiff further was "expressly cautioned that a failure to comply timely with the requirements of this Order may result in a recommendation of dismissal." (*Id*.). Nonetheless, an updated review of the docket reveals that Plaintiff has failed to take any action.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. *See also Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). Here, the undersigned

finds that Plaintiff's failure to comply or otherwise respond constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to take action notwithstanding the court's warning about a potential dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). Accordingly, the undersigned hereby **RECOMMENDS** that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **March 8, 2024**.  An objecting party must identify the specific portion(s) of factual findings or legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 23rd day of February 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**